# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**VS.**  CASE NO. 6:15-cr-48-JA-LHP

**WILLIAM HENRY KEEHN, II**

## ORDER

Defendant's Motion for Compassionate Release (Doc. 91) is before the Court for consideration.[1] To prevail on this motion, Defendant must satisfy two requirements: (1) he must exhaust his administrative remedies and (2) show there are extraordinary and compelling reasons warranting a reduction. If the Court finds that Defendant satisfies these requirements, it may reduce the term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a) (18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13), and specifically finding that Defendant is not a danger to the safety of any other person or the community (U.S.S.G. § 1B1.13(2)).  Because Defendant failed to exhaust his administrative remedies, and the relief he seeks is not available to him under 28 U.S.C. § 3582(c)(1)(A)(i), his motion is due to be denied.

---

[1] The Government opposes Defendant's motion. (Doc. 94).

Defendant downloaded child pornography for several years, secretly recorded minors at his residence in various stages of undress, recorded sexual activity he had with a minor in his house, and recorded videos of children's crotches in the backseat of his Suburban. (Doc. 25). He accomplished these recordings by hiding cameras in his house (including the bathroom the minors in his house used) and vehicle and painting over the recording light on at least one computer to avoid detection. (*Id.*). After Defendant pled guilty to Receipt and Production of Child Pornography, the Court sentenced him on December 11, 2015 to 450 months' imprisonment to be followed by 10 years of supervised release. (Docs. 25, 58, 59). Defendant is 59 years old, and his projected release date is February 2, 2047. (Doc. 94 at 2).

## I. LEGAL FRAMEWORK FOR REDUCTION IN SENTENCE

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." *United States v. Phillips,* 597 F.3d 1190, 1194-95 (11th Cir. 2010). Congress granted the courts limited authority to modify a sentence in 18 U.S.C. § 3582(c):

> **(c) Modification of an imposed term of imprisonment.--**The court may not modify a term of imprisonment once it has been imposed except that--
> **(1)** in any case--
> **(A)** the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of

2

> such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
> **(i)** extraordinary and compelling reasons warrant such a reduction; or
> **(ii)** the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Because Defendant is under 70 years old, he must show extraordinary and compelling reasons to qualify for modification of his sentence under § 3582(c).

Factors constituting extraordinary and compelling reasons are outlined in U.S.S.G. § 1B1.13, the policy statement underlying 18 U.S.C. § 3582. These reasons include Defendant's: (A) medical conditions, (B) age, if over 65 years, and (C) family circumstances.[2]

---

[2] Family circumstance is either (i) the death or incapacitation of the caregiver of the defendant's minor child or minor children or (ii) the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner. U.S.S.G. 1B1.13, Application Note 1(C).

3

Extraordinary medical conditions include (i) any terminal illness, and (ii) any "serious physical or medical condition ... that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, cmt. n.1(A). Terminal illness "means a disease or condition with an end-of-life trajectory." 18 U.S.C. § 3582(d)(1). BOP Program Statement 5050.50, at 3(a) provides that consideration for a reduction in sentence can be given to an inmate who has been diagnosed with a terminal, incurable disease and whose life expectancy is eighteen months or less. Consideration is also given if an inmate is "completely disabled, meaning the inmate cannot carry on any self-care and is totally confined to a bed or chair" or "capable of only limited self-care and is confined to a bed or chair more than 50% of waking hours." *Id.* at 3(b).

But even when an extraordinary and compelling reason exists, a district court should only reduce a term of imprisonment if it determines that the defendant is not a danger to the public and the 18 U.S.C. § 3553(a) factors weigh in favor of release. *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13.

## II. DISCUSSION

### A. EXHAUSTION OF ADMINSTRATIVE REMEDIES

The first question is whether Defendant exhausted his administrative remedies because the failure to do so is fatal to his request. *United States v.*

*Raia*, 954 F.3d 594, 597 (3d Cir. 2020)("Given BOP's shared desire for a safe and healthy prison environment, we conclude that strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added—and critical—importance."). Although Defendant asserts he exhausted his administrative remedies, the Court disagrees. Defendant contends he submitted a request for release to the warden on March 22, 2022. (Doc. 91 at 2). On March 30, 2022, eight days later, the warden responded to Defendant's request. (Doc. 91 at 7). The warden's response states, inter alia:

> This is in response to your request for Administrative Remedy regarding your sentence imposed by the Court. Specifically, you contend the sentencing Court did not have the legal authority to impose your sentence. . . .The Bureau of Prison lacks the authority to declare a duly imposed sentence invalid absent a court order. If you are challenging the legality of your federal sentence, you have to address that issue with the sentencing court. Accordingly, your appeal is denied.
>
> If you are not satisfied with this response, you may appeal to the Regional Director . . . Your appeal must be received in the Regional Office within 20 days from the date of this response.

Twenty days expired on April 19, 2022. That day has come and gone and there is no indication Defendant commenced an appeal. Neither the Government nor Defendant has supplied evidence of an appeal. 18 U.S.C. § 3582(c)(1)(A) is clear: this Court can only act on a motion from Defendant when his request to the warden has lapsed after 30 days or Defendant has fully

exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on his behalf. Here, Defendant's request did not lapse as the warden responded in a timely manner and Defendant did not appeal the warden's decision. See *United States v. Wojt*, No. 8:18-cr-00417-T-02AEP, 2020 WL 3128867, at *1 (M.D. Fla. June 12, 2020)("A warden's denial does not constitute a final administrative decision and as Defendant provides no evidence of an appeal, Defendant has not exhausted his administrative remedies.").

Accordingly, Defendant's motion for compassionate release is denied for Defendant's failure to exhaust his administrative remedies.

### B. DEFENDANT FAILS TO PRESENT ANY EXTRAORDINARY AND COMPELLING REASONS

Defendant bears the burden of establishing that release is warranted. *United States v. Heromin*, 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019); *cf. United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013). In his motion, Defendant does not present any medical condition or family circumstance for the Court's consideration, and he is not over 65.[3]

---

[3] Nor is relief available under Note1(D) of U.S.S.G. § 1B1.13 which allows for other extraordinary and compelling reasons as determined by the Director of the Bureau of Prisons. District courts cannot determine "other reasons," *United States v. Bryant*, 996 F.3d 1243, 1248, 1263 (11th Cir.), *cert. denied*, 142 S.Ct. 583 (2021).

Rather, Defendant challenges the legitimacy of his Indictment. That challenge is not properly before the Court on a motion for relief under 18 U.S.C. § 3582(c). Without any extraordinary and compelling reason as provided in 18 U.S.C. § 3582(c) and its underlying policy, Defendant is not entitled to relief under the auspices of § 3582.

Courts are prohibited from granting compassionate release unless "such a reduction is consistent with applicable policy statements issued by" the Commission. 18 U.S.C. § 3582(c)(1)(A). *See Dillon v. United States*, 560 U.S. 817, 821 (2010) (a "reduction must be consistent with applicable policy statements issued by the Sentencing Commission"); *United States v. Colon*, 707 F.3d 1255, 1259-60 (11th Cir. 2013) (3582(c)(2) requires courts to follow policy statements of the Sentencing Commission); *United States v. Nasirun*, No. 8:99-CR-367-T-27TBM, 2020 WL 686030, at *2 (M.D. Fla. Feb. 11, 2020)("any reduction must be consistent with the policy statements of the Sentencing Commission"); *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir.), *cert. denied*, 142 S.Ct. 583 (2021) ("district courts may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with 1B1.13.").

---

and the Director of the Bureau of Prisons has not determined that a challenge to an Indictment is an extraordinary and compelling reason.

Defendant fails to carry his burden of showing extraordinary and compelling circumstances to warrant compassionate release.

### C. THE 18 U.S.C. § 3553(a) FACTORS WEIGH AGAINST GRANTING DEFENDANT RELIEF

If Defendant had presented extraordinary and compelling reasons—which he did not—the Court could grant a sentence reduction after considering the 3553(a) factors. 18 U.S.C. § 3582(c)(1)(A). In an abundance of caution, the Court has carefully considered the 3553(a) factors and finds that they also weigh against Defendant's request for relief.

### III. CONCLUSION

Defendant's Motion for Compassionate Release (Doc. 91) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on June 30, 2022.

JOHN ANTOON II
United States District Judge

Copies furnished to:
United States Attorney
United States Probation Office
William Henry Keehn, II